**Richard A. LICHT et al.**

v.

**Rocco QUATTROCCHI et al.**

**No. 82–259–Appeal.**

Supreme Court of Rhode Island.

July 28, 1982.

Mandell, Aisenberg & Goodman, Ltd., Mark S. Mandell, Martin W. Aisenberg, Jay S. Goodman, Vetter & White, George M. Vetter, Jr., Benjamin V. White III, Providence (in behalf of John A. Holmes, Jr.), for plaintiffs.

Tillinghast, Collins & Graham, Peter J. McGinn, Providence, for amicus curiae, Zygmunt J. Friedemann, Matthew J. Smith and Joseph DeAngelis.

Edward L. Maggiacomo, Adler, Pollock & Sheehan, Incorporated, John F. Bomster, Robert D. Wieck, Anthony J. Bucci, Dennis J. Roberts II, Atty. Gen., Donald G. Elbert, Jr., Sp. Asst. Atty. Gen., Providence, for defendants.

ORDER

On July 6, 1982, this court, after consideration of arguments of counsel and briefs filed by all parties, including those submitted by amici curiae, entered an order affirming a judgment entered in the Superior Court in the above-entitled matter on June 3, 1982. The judgment invalidated that portion of P.L.1982, ch. 20, which had redrawn the lines of each of the fifty senatorial districts from which the members of the Rhode Island Senate were to be chosen for the years 1983 and 1984 at the November 1982 general election.

Later, on July 22, 1982, Governor J. Joseph Garrahy, acting pursuant to sec. 2 of Art. XII of the amendments to the Rhode Island Constitution, asked the opinion of the justices of this court whether the June 3, 1982 judgment nullified § 1 of ch. 20 which had repealed 1974 legislation which had served as the basis for the Senate's present composition. The Governor, in not-

ing the severe press in time and expressing the desirability of holding "full and proper elections," asked for an expeditious response. Three of the five justices who were available to respond to the Chief Executive's request gave their responses the following day, on July 23, 1982. Two of the justices were of the opinion that the judgment did in fact nullify the pertinent repealing language in the 1982 legislation and revivified the 1974 senatorial district lines. Their responses were predicated on the assumption that no further legislation creating a new Senate restricting plan would be enacted. The third justice gave a negative answer.

The advisory opinions were furnished after the three justices had heard oral arguments at which counsel for the various individuals who had been involved directly in the pending litigation had expressed their views. Another attorney, speaking in behalf of Senators Edward C. Marth and William G. O'Neill, legislators whose constituents are situated in Washington County, urged the justices to take no action which might lead to the use of the 1974 senatorial district lines and thereby deprive Washington County of the additional legislative representation to which it would be entitled if a second senatorial redistricting bill then awaiting executive action became law.

At the hearing, the Attorney General, Dennis J. Roberts II, appeared in behalf of Robert F. Burns, Secretary of State, and filed a motion entitled "Conditional Motion to Modify Judgment." The motion, which by its terms was "conditioned" upon the response of the justices to the Governor's inquiry, asked for an abrogation of various injunctions embodied in the June 3, 1982 judgment which enjoined the Secretary of State from accepting declarations of candidacy or "otherwise taking any action to prepare for the primary or general election of the Rhode Island Senate until such time" as the General Assembly enacted a Senate redistricting plan that not only met constitutional standards but was consistent with the trial justice's findings of fact and conclusions of law. The motion also asked this court to "take any and all action" to insure that the state senatorial candidates' names would appear on the general-election ballots. The motion's final request was for a stay by this court of the "effective date of any new Senate redistricting law until such time that there is a final and non-appealable order of a Court of competent jurisdiction confirming the constitutionality of a new Senate redistricting law."

Just as the court was about to confer telephonically on the merits of the motion, it was informed that the Governor had vetoed a second Senate redistricting bill that had been enacted by the General Assembly and was awaiting executive action at the time the request for an advisory opinion was made. At this moment, the Governor has issued a call to the General Assembly to convene in special session on Thursday, July 29, 1982, at 1 p. m. for the specific purpose of re-enacting the redistricting bill he vetoed. The new bill would be identical to its vetoed counterpart in all but one respect. The effective date of the act would be changed so that the act would not take effect until sometime after the November general election. This delay would provide a period during which the validity of the new plan could be litigated. In the message accompanying the veto, the Governor observed that when the General Assembly convenes on July 29, 1982, it may enact additional legislation "to compress the applicable filing dates" so that the nomination and election of senatorial candidates would be "consistent with the dates established by law."

All of the justices are of the opinion that the portions of the conditional motion which seek a stay of any new legislative act and refer to the court's involvement in the election timetable are moot in light of the Governor's veto and his veto message and should be denied on the ground of mootness.

A majority of the justices are of the opinion that the Superior Court judgment of June 3, 1982, did invalidate the repealer provisions of P.L.1982, ch. 20, that refer to the composition of the Rhode Island Senate

and in turn revivified the 1974 senatorial district lines. Mr. Justice Kelleher is of the opinion, as he was in his July 23 advice to the Governor, that the Superior Court judgment did not repeal the repealer provisions of ch. 20 and revivify the 1974 lines. He believes that any modification of the judgment in question should be attempted initially in the Superior Court before the trial justice who has continued to retain jurisdiction over the senatorial redistricting controversy, especially since counsel for the plaintiffs at the July 23, 1982 hearing on the advisory opinion stated that it was "constitutionally permissible" to hold this year's election for the state Senate "under the 1974 lines" and that the "public interest is best served by going forward with an election under the '74 lines." Such sentiments seem to indicate the plaintiffs' willingness to now modify the judgment.

Accordingly, it is hereby ordered and decreed that

(1) paragraphs 3 and 4 of the June 3, 1982 decree which enjoined the Secretary of State from his accepting declarations of candidacy, preparing ballots, or in any other way taking action to prepare for the primary and general elections insofar as they apply to the Rhode Island Senate are hereby vacated; and

(2) the requests for a stay of any new Senate redistricting law as well as a judicial guarantee that the senatorial candidates will appear on the ballot at this year's general election are hereby denied.

BEVILACQUA, C. J., did not participate.